THE ATTORNEY GENERAL
OF TEXAS


WILL WILSON
ATTORNEY GENERAL

December 16, 1957

Hon. Robert S. Calvert          OPINION NO. WW-309
Comptroller of Public Accounts
Capitol Station                 Re: Construction of Section
Austin 11, Texas                    2(b) of Article 7065b,
                                    V.A.C.S., as amended by
                                    the Regular Session of
                                    the 55th Legislature as
                                    to the amount of tax to
                                    be allocated to the
                                    Comptroller for enforce-
Dear Mr. Calvert:                   ment purposes.

        You request the opinion of this office upon the
above captioned matter presented in your letter of November
8, 1957, as follows:

        "We desire the opinion of your office
    regarding the construction of Section 2(b)
    of Article 7065b, Vernon's Annotated Civil
    Statutes, as amended by Chapter 200, Regular
    Session of the 55th Legislature.

        "The said Section 2(b), as amended in
    the first paragraph, reads as follows:

        "'Provided, that the tax on one and
    one-half per cent (1½%) of the taxable
    gallons of motor fuel sold or distributed
    in this State shall be allocated to the
    persons selling, distributing, or handling
    said motor fuel or the taxes collected
    thereon, which said allocation or allowance
    shall be deducted in the payment of said
    tax to the State of Texas in the following
    manner:  The tax on one and one-half per
    cent (1½%) of said taxable gallonage shall
    be deducted by the distributor who refines,
    imports into, or produces motor fuel in
    Texas and makes the first taxable sale or
    distribution thereof; the tax on one and
    four-tenths per cent (1 4/10%) of said
    taxable gallonage shall be deducted by
    the distributor who purchases motor fuel

tax free from another licensed distributor
under authority issued by the Comptroller
and makes a taxable resale or distribution
thereof; and one-tenth of one per cent
(1/10 of 1%) of the tax collected upon the
resale or distribution of motor fuel pur-
chased tax free by a distributor shall be
set aside in the State Treasury for use by
the Comptroller as hereinafter provided.'

"After allocating 1½% of the TAXABLE
GALLONAGE to persons selling, distributing
or handling motor fuel or the taxes collec-
ted thereon in paragraph one, cited above,
the next paragraph provides that the above
allocation or allowance. . . shall be
apportioned among all persons selling,
distributing or handling motor fuel or the
tax collected thereon in this State as follows:

I. "' . . 1/2 of 1% to the distributor who
refines, imports into or produces motor
fuel in Texas and makes the first taxable
sale or distribution of said motor fuel.

II. "' . . . 1/2 of 1% to the wholesaler or
jobber who pays the tax to a distributor
on motor fuel purchased for resale . . .

III. "' . . . 1/2 of 1% to the retailer . . .
making a sale or distribution of such
motor fuel . . .

IV. "'Provided that the tax on . . . 9/10 of
1% of said taxable gallonage shall be appor-
tioned to a distributor who performs functions
both as a distributor and as a wholesaler
or jobber by paying over to the State of
Texas taxes collected upon the resale or
distribution of motor fuel which has been
purchased tax free . . . and thereafter
resold or distributed at wholesale to
retailers; . . .

V. "' . . . 1/10 of 1% of the tax collected and
paid over to the State upon the resale or
distribution of motor fuel purchased tax
free by a distributor . . . shall be allo-
cated to and set aside in the State Treasury

for use by the Comptroller in the administra-
tion and enforcement of the provisions of
this Article.'

"The question concerns the wording of
subdivision V above, which provides that
1/10 or 1% of the <u>taxes collected and paid
over to the State</u> upon the resale of motor
fuel purchased tax free shall be allocated
to the Comptroller, instead of 1/10 of 1%
of the taxable gallonage sold, as was
originally allocated for such purpose.

"In other words a distributor reselling
motor fuel purchased tax free deducts 1 4/10%
of the taxable gallonage and pays over to the
State the tax on 98.6% thereof, and if the
statutory provisions setting out how the allo-
cation or allowance shall be apportioned con-
trols over the statutory allocation itself,
then the Comptroller would only receive 1/10
of 1% of 98.6 % of the taxable gallonage.

"Will you please advise us whether the
Comptroller is entitled to receive 1/10 of
1% of the 1½% taxable gallonage originally
allocated, or will he be limited to 1/10 of
1% of the tax paid over to the State on said
taxable gallonage?"

We are primarily concerned with the construction
and application of Section V which appears on page 2 of
your letter, which provides:

V. "'. . . 1/10 of 1% of the tax collected and
paid over to the State upon the resale or
distribution of motor fuel purchased tax
free by a distributor . . . shall be allo-
cated to and set aside in the State Treasury
for use by the Comptroller in the adminis-
tration and enforcement of the provisions
of this Article.'"

It is observed that 1½% of the taxable gallonage
is the maximum that may be allocated to the distributor,
the wholesaler or jobber, and to the retailer or other
person making a sale or distribution of such motor fuel
to the person using or consuming such motor fuel or to a
distributor who functions both as a distributor and as a
wholesaler or jobber.

A portion of Section 2(b) reads as follows:

". . . and one-tenth of one per cent (1/10
of 1%) of the tax collected upon the resale
or distribution of motor fuel purchased tax
free by a distributor shall be set aside in
the State Treasury for use by the Comptroller
as hereinafter provided.(Emphasis supplied.)

It becomes important to observe what is "herein-
after provided".  The allocations numbered I to V in-
clusive are all, in the language of the Statute, "herein-
after provided".

When we apply simple mathematics to the allocations
provided in I, II and III, we find that the maximum of $1\frac{1}{2}$%
is absorbed, and IV provides that 9/10 of 1% may be allo-
cated to a distributor who likewise performs functions as
a wholesaler or jobber.  This would leave 6/10 of 1% which
could be allocated to a retailer under III, if subdivision
IV becomes operative.

We must therefore construe Section V to mean
what its literal language imports, that the 1/10 of 1%
allocated to the Comptroller for enforcement purposes
is calculated upon the basis of 1/10 of 1% of the taxes
collected and paid over to the State after deducting the
maximum total allocations of $1\frac{1}{2}$%.  In other words, it is
1/10 of 1% of $98\frac{1}{2}$%, which is the amount of tax actually
paid over and collected by the State.  If there be a
conflict between that portion of the Statute preceding
the phrase "as hereinafter provided" and what follows
this phrase, the latter provision will control.  Cox,
et al., V. Drainage District No. 27 of Craighead County,
et al., 187 S.W.2d. 887 (Sup. Crt of Ark.)

S U M M A R Y

1/10 of 1% of the motor fuel tax
collected and remitted to the
State is the amount that should
be allocated to the Comptroller
for enforcement purposes.  After
authorized allocations are made,
as provided in Section 2(b) of

> Article 7065b, V.A.C.S., $98\frac{1}{2}\%$ is the amount of tax that is remitted to the State Treasurer, and is the amount upon which 1/10 of 1% should be calculated.

Very truly yours

WILL WILSON
Attorney General of Texas

By L. P. LOLLAR
Assistant

LPL/fb

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman

John H. Minton,

Marietta McGregor Payne

B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:  James N. Ludlum